IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHERON GABRIEL TERRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv107 |
| BRENDA O'NEIL, ET AL. | § | |

## MEMORANDUM OPINION

Sheron Gabriel Terell, proceeding *pro se*, formerly an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Brenda O'Neil, Brenda Velleyo, Thomas Doyle, Taliesin Stern, Brady Mosley, Richard Langley and K. Ward.

### Factual Allegations

Plaintiff alleges that on January, 21, 2015, he failed to report for his work assignment because he was ill. He submitted a sick-call request. Plaintiff states he was seen by defendant O'Neil and given medication.

Plaintiff alleges that later that same day Defendant Velleyo, who was acting as his counsel substitute, notified him that defendant Doyle had written a disciplinary case against him for refusing to report to his work assignment. Following a disciplinary hearing at which defendant Stern presided, plaintiff was found guilty despite presenting evidence demonstrating he was sick the day he did not report to work. As a result of the disciplinary conviction, plaintiff was placed on cell and commissary restriction. He was also required to forfeit 30 days of previously earned good conduct time. Plaintiff states defendant Mosley acted as his counsel substitute at the disciplinary hearing.

Plaintiff alleges he subsequently filed grievances concerning his disciplinary conviction. He contends the grievances were improperly denied by defendants Langley and Ward.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious or fails to state a claim or (2) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does factual allegations and legal conclusions, is frivolous when it lacks an arguable basis either in law or fact." The Court also states that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are insufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and favorably construed to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

*False Disciplinary Charge*

Plaintiff alleges that the disciplinary charge for not reporting to work that was written against him by defendant Doyle was false, thus asserting he was subjected to malicious prosecution. However, there is not a freestanding claim for malicious prosecution in a civil rights lawsuit. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Further, a claim that a proceeding was brought against a plaintiff without sufficient cause does not state a claim upon which relief may be granted. *Id*. As a result, plaintiff's allegation that the disciplinary charge was false fails to state a claim upon which relief may be granted.

*Counsel Substitute*

Plaintiff alleges defendants Velleyo and Mosley failed to properly perform their duties as his counsel substitute. Title 42 U.S.C. § 1983 provides that in order to be liable, a defendant must act under color of state law. However, a counsel substitute does not act under color of state law. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). As a result, plaintiff has failed to state a claim upon which relief may be granted against defendant Velleyo and Mosley.

*Denial of Due Process*

Plaintiff alleges defendant Stern denied him due process of law while presiding over his disciplinary hearing.

Plaintiff seeks money damages in this lawsuit. In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the actions which affected the duration of his confinement have been reversed on appeal, expunged by executive order, or called into question by a federal court's

issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This principle applies to prison disciplinary proceedings as well as criminal convictions, *Edwards v. Balisok*, 520 U.S. 641, 646-7 (1997), and applies even if a plaintiff has been released from prison. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). A claim for damages based on imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a finding in favor of the plaintiff would necessarily imply the validity of the duration of his confinement. If it would, the claim must be dismissed unless the plaintiff can demonstrate that the proceeding being challenged has already been invalidated. *Id*.

Here, plaintiff asserts he was denied due process of law in connection with a prison disciplinary proceeding which resulted in the loss of previously earned good conduct time credits. He states that defendant Stern disregarded evidence that established his innocence. A finding in his favor would therefore necessarily imply that his disciplinary conviction was invalid, calling into question the validity of the duration of his confinement. Accordingly, plaintiff could only proceed with this claim if the *Heck* requirements regarding a prior finding as to the invalidity of the disciplinary proceeding were satisfied. As plaintiff does not allege the *Heck* requirements have been satisfied, *Heck* prevents him from proceeding with this claim.

*Grievances*

Plaintiff alleges defendants Langley and Ward failed to properly process, investigate and respond to grievances he filed.  However, inmates do not have a constitutionally protected liberty interest in having grievances investigated or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).  The allegations concerning plaintiff's grievances therefore fail to state a claim upon which relief may be granted.

*Deliberate Indifference to Serious Medical Needs*

Finally, plaintiff appears to allege defendant O'Neil failed to provide him with proper medical care.  To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  A defendant is deliberately indifferent to serious medical needs only if she knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measure to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  To establish deliberate indifference, a plaintiff must show officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that clearly demonstrates a wanton disregard for any serious medical needs. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff states he saw defendant O'Neil when he was sick and that she provided him with medication.  These allegations do not show defendant O'Neil refused to treat him, ignored his complaints or intentionally treated him incorrectly.  As a result, plaintiff has failed to state a claim against defendant O'Neil upon which relief may be granted.

## Conclusion

For the reasons set forth above, plaintiff has failed to state a claim upon which relief may be granted. As a result, a final judgment shall be entered dismissing this lawsuit.

**SIGNED** this the 24 day of **August, 2021.**

_____
Thad Heartfield
United States District Judge